AFFIDAVIT

I, Robert Jacobsen, Special Agent, Bureau of Alcohol, Tobacco,
Firearms & Explosives, being duly sworn, state as follows:

1.    I am a Special Agent with the Bureau of Alcohol,
Tobacco, Firearms and Explosives ("ATF") and have been so
employed since November, 2017. I received 15 weeks of Criminal
Investigator training at the Federal Law Enforcement Training
Center and 17 weeks of ATF Special Agent training at the ATF
National Academy. I was trained in federal criminal law,
firearms, and criminal investigation techniques.

2.    Since joining ATF, I have investigated federal
firearms violations, which has included participating in the
controlled purchases of firearms, surveillance of firearms
traffickers, interviews of suspects, and participating in search
warrants and electronic surveillance. I have investigated
firearms trace data, classified advertisements, and online
websites and forums in which firearms sales are facilitated.

3.    Prior to my employment with the ATF, I was employed
for approximately two-and-a-half years as a Deputy Sheriff with
the Loudoun County Sheriff's Office in Loudoun County, Virginia.
For approximately the last year of that employment, I operated
as a member of the Special Operations Unit, a full-time SWAT

1

team and Street Crimes Criminal Suppression Unit. I was trained and certified by the Columbus Police Department as a SWAT operator and hold numerous training certificates in domestic and foreign weapon systems, street crimes, criminal narcotic operations, and gang organizations. Prior to joining the Special Operations Unit, I spent approximately one-and-a-half years in a Patrol function, responding to public emergency calls for service, investigating crimes, and testifying in court. I graduated from the Northern Virginia Criminal Justice Academy with Virginia state certifications as a Police Officer and Jail Corrections Officer. I received a Bachelor's of Science Degree from George Mason University.

4.    I am familiar with the facts and circumstances of this investigation based upon: (a) my personal knowledge and involvement in the investigation; (b) my discussions with fellow agents and state/local law enforcement personnel who participated in the investigation; (c) my review of reports; and (d) my experience and training as a criminal investigator. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the requested criminal complaint, I have not set forth every fact learned during the course of the investigation.

5.    Based on my training and experience, I am aware that Title 18, United States Code, Section 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a crime punishable by a term of imprisonment exceeding one year to possess a firearm or ammunition in or affecting interstate commerce.  Having so stated, I make this affidavit in support of a criminal complaint charging **CHRISTOPHER SANTOS ("SANTOS")** with being a felon-in-possession of a firearm and ammunition in violation of that statute.

6.    I personally participated in the investigation of **SANTOS.** I have reviewed **SANTOS's** criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals that **SANTOS** was convicted in 2010 in Plymouth Superior Court of, among other things, Possession of a Firearm with a Large Capacity Magazine, for which he received a sentence of two-and-a-half years to two-and-a-half years and one day.  **SANTOS** has thus been convicted in a court of a crime punishable by a term exceeding one year, as that term is used in 18 U.S.C. § 922(g)(1).

7.    On August 20, 2018, the Brockton Police Department ("BPD") arrested **SANTOS** for the illegal Possession of a Firearm – Third Offense, and the Unlawful Possession of Ammunition,

3

among other charges. I have reviewed the BPD reports associated
with the incident and arrest of **SANTOS**.

8.    On August 20, 2018, while responding to the report of
a hit and run incident in Brockton, Massachusetts, BPD Officers
observed a vehicle that could be heard in the area driving on
its rims. Officers initiated a traffic stop by activating their
police lights behind the vehicle. The vehicle came to a stop at
a red light before proceeding through the red light and again
coming to a stop.

9.    Officers reported that the driver, later identified as
**SANTOS**, immediately exited the vehicle and attempted to approach
the police cruiser with his wallet in his hands. During his
interaction with officers, **SANTOS** ignored commands to return to
the rear of the vehicle and attempted to open the driver's side
rear door of his vehicle. Officers reported that they then
escorted **SANTOS** to the rear of the vehicle and pat-frisked him
for weapons. During the pat-frisk, officers located a Davis
Industries, Model P380, .380 caliber pistol, serial number
AP442714 (the "Davis firearm"), in **SANTOS's** front right pocket,
loaded with six (6) rounds of ammunition.

10.    The firearm and ammunition were submitted to the
Commonwealth of Massachusetts Department of State Police

laboratory for examination and test firing. The State Police laboratory successfully test-fired the Davis firearm and determined that the evidence was in fact a firearm and ammunition under state law. Based on my training and experience and my review of the State Police laboratory report, I believe the six (6) rounds of ammunition are "ammunition" within the meaning of 18 U.S.C. § 921(17)(A) and that the Davis firearm is a "firearm" within the meaning of 18 U.S.C. § 921(A)(3).

11. Based on my training and experience, that of other agents, and my review of the State Police laboratory report, I also believe that the Davis firearm and the six (6) rounds of ammunition were manufactured outside of Massachusetts, and thus the Davis firearm and each of the six (6) rounds of ammunition traveled across state lines or international boundaries prior to being seized in Brockton, Massachusetts on August 20, 2018.

12. Based on the foregoing, I submit that there is probable cause to believe that, on or about August 20, 2018, **CHRISTOPHER SANTOS,** knowing that he had been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting commerce, a firearm and ammunition in violation of Title 18, United States

Code, Section 922(g)(1).

_____
ROBERT JACOBSEN
SPECIAL AGENT, ATF


Subscribed and sworn to before me this 11th day of February, 2020.

_____
HON. M. PAGE KELLEY
U.S. MAGISTRATE JUDGE

6